Burwell B. Smith v. Commissioner.
Smith v. Comm'r
Docket No. 17538. United States Tax Court
1949 Tax Ct. Memo LEXIS 153; 8 T.C.M. (CCH) 586; T.C.M. (RIA) 49150; June 17, 1949
*153 Percy W. Phillips, Esq., 306 Southern Bldg., Washington, D.C., for the petitioner. Brooks Fullerton, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in gift tax of $4,678.20 for 1944 and $288.90 for 1945. The only issue for decision is whether the Commissioner erred in determining that the value of a gift made in 1944 was $55,760 instead of $31,160 as reported on the petitioner's return. Findings of Fact The petitioner filed gift tax returns for the taxable years with the collector of internal revenue for the first district of Pennsylvania. The petitioner made a gift of three parcels of real estate to his wife on August 28, 1944. The properties were in a subdivision known as Seagate Estates, just south of the city of Delray in Florida. They were beach front properties on the Atlantic Ocean and extending back to State Road No. 140 on the west. The northernmost property was about 120 feet wide by about 425 feet deep, the next property to the south, which was separated from the first property by about 1500 feet, was about 600 feet wide and about 400 feet deep, and the next property which was about *154 2380 feet south of the second was about 920 feet wide by about 450 feet deep. The properties were not improved. A few properties in the subdivision were improved with dwellings in August 1944, but most of the land was unimproved. The properties given by the petitioner to his wife on August 28, 1944 were given subject to the lien of a mortgage in the amount of $67,240. The petitioner, on his gift tax return for 1944, reported the value of this gift to be $31,160. The Commissioner, in determining the deficiencies, held that the value of this gift was $55,760. The fair market value of the properties at the date of the gift, less the amount of the mortgage, was $31,160. Opinion MURDOCK, Judge: The petitioner, in reporting the gift, considered that the properties had a value of $60 a foot front, whereas the Commissioner, in determining the deficiencies, used a value of $75 a foot front. The Court, in determining the value of the gift, has considered all of the evidence in the record, including the testimony of an appraiser called by the Commissioner, the testimony of a real estate agent familiar with the property in question at the time of the gift called by the petitioner, the *155 testimony of another witness called by the petitioner, the sales made in the vicinity at or about the time of the gift, and all of the exhibits. It has come to the conclusion, after consideration of all this evidence, that it preponderates somewhat in favor of the petitioner. Two of the lots given by the petitioner to his wife were much larger than those generally being developed in this area and would probably have to be sold in smaller parcels. This circumstance must be taken into consideration in attempting to value these properties by sales of smaller lots at $75 a front foot at or about the time of the gift. The real estate agent who testified for the petitioner seemed to have better information about the particular lots and the market for them at the time of the gift than had the witness for the respondent who had never seen the lots until about four years after the gift. Decision will be entered for the petitioner.